UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 22-90-DLB

LUIS ANTONIO MERCADO-ROSARIO                                              PETITIONER

VS.                         **MEMORANDUM OPINION AND ORDER**

WARDEN LEMASTER                                                           RESPONDENT

*** *** *** ***

Luis Antonio Mercado-Rosario is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Mercado-Rosario filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him. (Doc. # 1). The Court has fully reviewed Mercado-Rosario's petition, as well as the Respondent's response (Doc. # 7). Thus, this matter is now ripe for a decision.

Mercado-Rosario has not shown that he is entitled to a restoration of the good conduct time that he lost. As an initial matter, Mercado-Rosario has not demonstrated in any clear way that he was denied the various procedural protections that he was due. Under the law, Mercado-Rosario was entitled to advance notice of the charges against him, the opportunity to present evidence and witnesses in his defense, and a written decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

1

Here, the record reflects that Mercado-Rosario received each of these procedural protections. Indeed, as the Respondent has established, Mercado-Rosario received notice of the charges against him on April 10, 2022, in advance of both an April 13, 2022 unit disciplinary committee hearing and an April 14, 2022 hearing before a disciplinary hearing officer (DHO). (*See* Doc. # 7 at 2-3; Doc. # 7-1 at ¶¶ 4-6). The Respondent has also demonstrated that Mercado-Rosario was given the opportunity to present evidence and witnesses in his defense but chose not to do so, other than offering his own brief statement. (*See* Doc. # 7 at 3-4; Doc. # 7-1 at ¶ 6). The record also shows that prison officials provided Mercado-Rosario with a written decision thoroughly explaining the grounds used to determine his guilt of a Code 108 offense (i.e., possession of a hazardous tool). (*See* Doc. # 7 at 4; Doc. # 7-1 at ¶ 9). Thus, Mercado-Rosario has not established that his due process rights were violated.

The only remaining question then is whether there was "some evidence" in the record to support the DHO's decision in this case. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013). This is a very low threshold. After all, the Court does not examine the entire record or independently assess the credibility of witnesses. *Hill*, 472 U.S. at 455. Instead, the Court merely considers "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989).

In this case, there was certainly some evidence in the record to support the DHO's decision. Indeed, the DHO's report details the evidence linking Mercado-Rosario to the offense in question, including but not limited to the statements of a correctional officer

indicating that he found a cellphone and charger in Mercado-Rosario's assigned cubicle. (*See* Doc. # 7-1 at 18-19). This evidence was clearly enough to meet the very low threshold applicable here, *see Hill*, 472 U.S. at 454, and Mercado-Rosario's various arguments simply do not warrant a different result.

Accordingly, it is **ORDERED** as follows:

(1) Mercado-Rosario's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 7th day of February, 2023

Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\0-22-090 Mercado-Rosario Memorandum.docx